[Civ. No. 22913.   Second Dist., Div. One.   Nov. 5, 1958.]

SUPERIOR MORTGAGE COMPANY (a Corporation) et al., Appellants, v. DIVISION OF REAL ESTATE et al., Respondents.

Milton N. White for Appellants.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondents.

WHITE, P. J.—Petitioners, Superior Mortgage Company, a corporation, Robert M. Calhoun and Harry J. Calhoun, appeal from the judgment in favor of the respondents, Division of Real Estate of California, and D. D. Watson, Commissioner of said division, for whom his successor in office, F. W. Greisinger, has been substituted.

The judgment from which petitioners have appealed discharges the alternative writ theretofore issued to them and denies their petition for a peremptory writ of mandate requiring defendants ''to restore to petitioners the license to carry on their business as Real Estate Brokers, and to dismiss the proceedings now pending and in which an order suspending petitioners' licenses was made.''

The alternative writ required defendants to cancel their order of revocation or to show cause ''why you have not done so, and why a peremptory writ of mandate should not forthwith issue.'' It was followed by defendants' ''Return by Way of Answer'' admitting that copies of the complaint, findings, conclusions and judgment in the municipal court case Number 205365, entitled *Haygood* v. *Calhoun*, attached to the petition as exhibits are true and correct copies, denying many allegations of the petition as well as those contained in two exhibits thereto, copy of petitioners' objections to the proposed findings of fact and conclusions of law filed by them in said municipal court action, and the affidavit of their former Attorney Gluskin.

By their return, respondents call attention to the findings of the municipal court that appellants obtained from plaintiffs Haygood by ''fraud, deceit, and misrepresentations'' a promissory note and trust deed and $503.16 in money, of which $439.76 was usurious interest exacted on said note, and that plaintiffs were damaged thereby in the sum of $63.40, in addition to said interest collected, which amount is also covered by said municipal court judgment.

In this connection respondents urge that said municipal court judgment is a final judgment, that it is res judicata and conclusive upon the issue of petitioners' violation of the provisions of section 10177.5 of the Business and Professions Code of California. They further state ''that the purpose of the Legislature in adopting Section 10177.5 was to eliminate the necessity of a second hearing on the same issue . . .''

At the hearing on the petition for said writ of mandate, the matter was submitted upon the petition and return, together with the record of the administrative proceedings which had resulted in the revocation of petitioners' licenses as real estate brokers. The record of said administrative proceeding shows that the petitioners were there represented by counsel; that respondents introduced before the hearing officer the records of the municipal court in the Haygood case; and that appellants (although given ample opportunity to introduce

evidence) introduced no testimony and relied entirely upon their petition for reconsideration, numerous letters showing their good reputations, and argument of counsel.

Appellants, at said administrative hearing and in their opening brief herein, concede that the Haygood judgment against them was entered in the municipal court, that no appeal was taken therefrom, that said judgment has become final, that it has been paid by them, and that section 10177.5 of the Business and Professions Code authorizes the revocation of any real estate broker's license in the event that said licensee shall ''become responsible for a final judgment obtained in a civil action upon the ground of fraud, misrepresentation or deceit, with reference to any transaction for which a license is required.''

Although the findings of the municipal court are explicit as to the reason for the judgment against petitioners being fraud, deceit and misrepresentations practiced upon the Haygoods, such basis for the judgment does not appear in the judgment itself. The findings of the administrative hearing officer erroneously refer to the judgment ''as one for $1,319.28, together with costs in the sum of $63.40,'' followed by the statement that ''said judgment was based upon fraud, misrepresentation and deceit in a transaction for which a license as a Real Estate Broker was required.'' The Real Estate Commissioner acted upon the findings of the hearing officer.

In the instant proceeding, no other evidence having been offered, the court found ''that the Findings of Fact and Conclusions of Law and the Judgment in Action No. 205365 entitled *Haygood* v. *Harold Calhoun, et al.*, in the Municipal Court of the Los Angeles Judicial District, filed on or about April 3, 1956, show that the petitioners herein, who were defendants therein, were found by the Court to have obtained money by fraud, deceit and misrepresentation arising out of a transaction for which a real estate broker's license was required; that said Judgment was final prior to the filing of the accusation herein.''

The fact that the hearing officer, commissioner, and superior court did not clearly state the true purport of the municipal court judgment in *Haygood* v. *Calhoun*, as shown by a reading of the judgment itself and the findings of fact upon which it is based, does not detract from the support given by them to the judgment in the instant proceeding.

A copy of said findings of fact, conclusions of law, and judgment in the Haygood case are attached to the petition

herein and admitted by the return to be true copies. That alone is sufficient to support said findings.

No evidence tending to overcome the facts so adjudged having been offered, whether the judgment was res judicata is not in issue.

There being sufficient evidence to support the judgment, it is not the province of an appellate tribunal to weigh that against evidence adverse to said judgment, if any there is.

From a reading of the entire record on appeal, we are persuaded that the judgment from which the instant appeal was taken resulted in no miscarriage of justice, and for that reason deem it unnecessary to discuss the "assessment of penalty" for violation of section 10177.5 of Business and Professions Code, which appellants urge is "the gravaman of this appeal."

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied December 2, 1958.